IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Kathy Hartman, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Gil Klein TV. and Appliance, Inc. )<br>d/b/a Kleins Brand Source, )<br>Doug Klein, and Lynn Klein Iler, )<br>)<br>Defendants. ) | No.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

1. This is an action under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (FLSA); Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq; the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq.; and, the Illinois Minimum Wage Act, 820 ILCS 105/1, et seq. (IMWA).

### Jurisdiction and Venue

2. This court has subject matter jurisdiction over: (a) Counts I, III, IV, and V based on 28 U.S.C. §§ 1331, 1337 as plaintiff's claims involve federal questions and commerce and (b) Count II based on 28 U.S.C. § 1367 as plaintiff's claim in Count II is so related to her claim in Counts I as to form part of the same case or controversy under Article III of the U.S. Constitution.

3. Venue is proper.

### Parties

4. Plaintiff Kathy Hartman is a former employee of defendant Gil Klein TV. and Appliance,

Inc. d/b/a Kleins Brand Source ("Kleins"). She was born in 1957.

5. Defendant Kleins is an Illinois corporation doing in Fairview Heights, Illinois.

6. Upon information and belief, defendant Doug Klein (sometimes referred to as "Doug") is part owner of Kleins. Doug Klein acted directly in the interest of Kleins.

7. Defendant Lynn Klein Iler is an officer of Kleins and, upon information and belief, is part owner. Lynn Klein Iler acted directly in the interest of Kleins.

### Common Allegations

8. Plaintiff worked for Kleins as a Service Writer from May 2016 to April 18, 2020.

9. As a Service Writer plaintiff worked in the administrative offices, scheduling service calls, ordering parts, processing warranty work, providing customer service, and performing bookkeeping.

10. Plaintiff's supervisors included Tammy Place and Daryn Klein (sometimes referred to as "Daryn"). Tammy Place was Kleins' Office Manager from May 2016 to April 2020.

11. Daryn Klein is Doug Klein's son.

12. Daryn became the service manager in 2019 and supervised plaintiff from 2019 to 2020.

### Kleins harasses plaintiff based on age

13. In 2018, Daryn began harassing plaintiff based on her age. For example,

    A. He would tell her that she was inadequate, give her instructions, and then, when plaintiff would comply, he would change his instructions.

    B. He threatened to fire plaintiff.

    C. He told plaintiff that if she didn't like what he was telling her to do, his name was on the store. He showed her the door indicating that she could leave if she didn't like it.

Daryn similarly harassed another older employee, Marilyn Roberson, but did not similarly harass younger employees.

14. When plaintiff asked her supervisor Place if she could wear capri pants during warm months, Place told plaintiff no, because the Kleins did not like the looks of older women's legs. And that when Roberson had knee surgery, the Kleins thought her legs were unbecoming. So Place told plaintiff that she could not wear anything that showed plaintiff's legs because the Kleins would not like it.

15. Other female employees who were younger were allowed to wear capris and other clothing that showed their legs.

### Plaintiff opposes age-based harassment

16. Plaintiff complained to Iler and Place that Daryn was harassing her because she was an older woman.

17. Upon information and belief, Place told Daryn to stop harassing plaintiff. Place's instruction to Daryn was ineffective; he continued to harass plaintiff.

18. Upon information and belief, Doug and Lynn took no action to stop Daryn from harassing plaintiff.

19. In January 2020, upon information and belief,

20. Place told Doug Klein that plaintiff had complained about Daryn's harassing conduct. Doug Klein told plaintiff she should not question Daryn and plaintiff should do whatever Daryn said because it was as if Daryn's directions were coming from Doug. After the January 2020 meeting described in the previous paragraph, Place hung a sign that behind plaintiff's desk: "mind your own business."

**Plaintiff opposes the sexual harassment of her coworker**

21. Plaintiff saw and heard Doug Klein, Daryn Klein, David Klein (sometimes referred to as "David"), as well as other managers and coworkers make sexually explicit comments to and about plaintiff's co-worker, Leanne Kelemetc. They called Leanne a "track whore" and asked her "what pole are you going to work on tonight to make money?"

22. Plaintiff opposed this sexually based harassment of Kelemetc, complaining to Doug Klein, Lynn Iler, and Place.

23. In response to plaintiff's numerous complaints, Doug, Daryn, and David responded with two similar comments: "that's our name on the door" indicating Kleins can do anything, or they told plaintiff that they were just joking.

24. When plaintiff complained to Place, Place said "that's the Kleins, they can do whatever they want."

25. In addition to complaining, plaintiff attempted to intervene when she observed the harassment. But when she tried to intervene, the managers and male coworkers would laugh, wink, and tell plaintiff that she should learn to take a joke or not be so touchy.

**Constructive discharge of plaintiff**

26. On April 18, 2020, while talking to a customer over the telephone, plaintiff said to Daryn that the customer asked that Daryn wear a mask during a service call. In response, while flailing his arms and yelling, Daryn called plaintiff "stupid," "inadequate," and "dumb." He said that plaintiff did not know how to do her job and that no secretary was going to tell him what to do.

27. David Klein, a Kleins supervisor, and a sales associate were present during the incident described in the previous paragraph and neither David nor the sales associate did anything to

stop Daryn or otherwise intervene.

28. David Klein knew plaintiff had complained about Daryn's harassment and tirades toward her which included throwing objects at plaintiff in anger, such as pencils and papers.

29. Based on the combined circumstances described above, including the immediate threat to her safety, when plaintiff got off the phone with the customer, plaintiff told David Klein this was harassment, and resigned, having been constructively discharged.

30. On September 1, 2020, plaintiff filed a Charge of Discrimination with the EEOC and Illinois Department of Human Rights. Exhibit 1.

31. On March 10, 2021, the EEOC issued its Notice of Right to Sue to plaintiff. Exhibit 2.

## Count I
## ADEA-Discrimination

32. Plaintiff incorporates Paragraphs 1 through 31 as though fully set forth herein.

33. Defendants created a hostile work environment and constructively discharged plaintiff because of her age in violation of the ADEA, 29 U.S.C. § 623.

34. As a direct and proximate result of defendants' unlawful conduct, plaintiff has been damaged in that she has lost wages and benefits.

35. Defendants' violation of the ADEA was willful.

WHEREFORE, plaintiff asks for judgment in his favor and against defendants in an amount to be established at trial and for liquidated damages as well as attorneys' fees, costs, and such further relief as the court deems appropriate under the circumstances including reinstatement or, if not appropriate, frontpay.

## Count II
## ADEA - Retaliation

36. Plaintiff incorporates Paragraphs 1 through 31 as though fully set forth herein.

37. Defendants retaliated against plaintiff in violation of the ADEA for her opposition to Daryn Klein's age-based harassment by threatening to her, warning her to "mind her own business" with a sign, and failing to intervene when Klein continued his harassment of plaintiff, resulting in a dangerous, threatening, and intolerable workplace thus, her constructive discharge.

38. As a direct and proximate result of defendants' conduct, plaintiff has been damaged in that she has lost wages and benefits.

39. Defendants' conduct was willful, wanton, and malicious and in reckless disregard of plaintiff's federally-protected rights.

WHEREFORE, plaintiff asks for judgment in her favor and against defendants in an amount to be established at trial for compensatory and punitive damages. Plaintiff also prays for attorneys' fees, costs, and such further relief as the court deems appropriate under the circumstances including reinstatement or, if not appropriate, frontpay.

## COUNT III
### Title VII Retaliation

40. Plaintiff incorporates Paragraphs 1 through 31 as though fully set forth herein.

41. Defendant Kleins Brand Source discriminated and retaliated against plaintiff, in violation of Title VII, 42 U.S.C. § 2000e-3, because she opposed conduct that she reasonably believed was unlawful under Title VII. Defendants' conduct included threatening to her, warning her to "mind her own business" with a sign, and failing to intervene when Daryn Klein continued

his harassment of plaintiff, resulting in a dangerous, threatening, and intolerable workplace thus, her constructive discharge.

42. As a direct and proximate result of defendant's violation of Title VII, plaintiff has suffered damages including loss of wages, benefits, humiliation, loss of enjoyment of life, and other consequential damages.

43. Defendant acted with malice or reckless indifference of plaintiff's federally protected rights.

WHEREFORE, plaintiff asks the court to enter judgment in her favor and against defendants Kleins Brand Source, compensatory and punitive damages, attorneys' fees, costs, and such additional relief as is appropriate.

## Count IV
## FLSA (Overtime)

44. Plaintiff incorporates Paragraphs 1 through 12 as though fully set forth herein.

45. Kleins assigned plaintiff to regular work hours of 8:30a.m. to 5:00p.m., with a 30-minute lunch break.

46. Place and Lynn instructed plaintiff to arrive at work no later than 8:15a.m.

47. Plaintiff regularly began her workday no later than 8:15a.m., often at 8:00 a.m.

48. Kleins used an electronic timekeeping system and plaintiff clocked in and out each day by sliding her badge through a sensor.

49. Upon information and belief, plaintiff's supervisor Tammy Place repeatedly changed plaintiff's time as shown on the timekeeping system so that it appeared that plaintiff had started at 8:30a.m., even when plaintiff had started work earlier.

50. Plaintiff complained to Tammy Place that Kleins was not paying her and others properly. She complained that: (a)Kleins was not paying overtime and (b) Kleins was deducting for a lunch break each day even though plaintiff and others worked during what was supposed to be their 30-minute lunch break.

51. Upon information and belief, Kleins misstated other employees' time, by charging them for lunch breaks they did not take, failing to pay them overtime, and changing their start times.

52. Plaintiff worked through her 30-minute lunch period every day.

53. Plaintiff arrived to work between 8:00am and 8:15am every day.

54. Plaintiff worked 10 days every 2-week period.

55. Kleins underpaid plaintiff at least $38.13 every week from the time plaintiff started working at Kleins until plaintiff left Kleins.

56. Defendants employed plaintiff for more than forty hours in each week and failed to pay plaintiff compensation of at least one and one-half times the regular rate at which she was employed in violation of the FLSA, 29 U.S.C., § 207.

57. The regular rate at which plaintiff was employed was $15.25 per hour; one and one-half times plaintiff's regular rate was $22.87 per hour.

58. As a direct and proximate result of defendants' violation of the FLSA, plaintiff has been damaged.

WHEREFORE, plaintiff asks for judgment in her favor and against defendants in an amount to be established at trial for unpaid overtime compensation and liquidated damages as provided in 29 U.S.C. § 216(b), and for attorneys' fees and costs.

**Count V**

**Illinois Minimum Wage Law (Overtime)**

59. Plaintiff incorporates Paragraphs 1 through 12 and 43 through 53 as though fully set forth herein.

60. Defendants employed plaintiff for more than forty hours in each week and failed to pay plaintiff compensation of at least one and one-half times the regular rate at which she was employed in violation of the overtime provision of the IMWL, 820 ILCS 4a.

61. The regular rate at which plaintiff was employed was $15.25 per hour; one and one-half times plaintiff's regular rate was $22.87 per hour.

62. As a direct and proximate result of defendants' violation of the IMWL, plaintiff has been damaged.

WHEREFORE, plaintiff asks for judgment in her favor and against defendants in an amount to be established at trial for unpaid overtime compensation plus 2% of the total owed for each month following the date the overtime compensation was unpaid plus attorneys' fees and costs set forth in 820 ILCS 15/12 (a).

/ s/ Jill A. Silverstein
Jill A. Silverstein
js@silversteinwolf.com
Ferne P. Wolf
fw@silversteinwolf.com
SilversteinWolf, LLC
530 Maryville Centre Drive, Suite 460
St. Louis, MO 63141
(tel) 314 744-4010
(fax) 314 744-4026